## Bull & Rayburn *vs.* Harragan & Bracken.

Case 35.

APPEAL FROM MARION CIRCUIT.

ORD. PET.

1. All contracts to pay for goods purchased of pedlers, selling goods without license, not manufactured in Kentucky, are void.

2. A party cannot complain of the refusal of the court to give an instruction by which he could not have been benefitted if it had been given.

3. A pedler selling goods without a license, not manufactured in Kentucky, cannot be permitted to recover the value of the goods. The law implies no assumpsit to pay for goods so sold in violation of law.

4. If a defendant offer, in his answer, to pay a part of a demand, and the plaintiff refuse to accept it, the defendant should not be charged with any costs subsequently accruing, unless plaintiff's recovery exceed what defendant offered to pay.

The appellants sold to the appellees a wagon and Case stated. horse at $40, and lightning rods to an amount sufficient to make the sum of $106 40, and took their note, on which they brought this suit. The appellees deny their liability upon the note except for the sum of $40, for which they agree judgment may be entered, which the appellants refuse to accept.

The plaintiffs subsequently, after the jury was sworn, offered an amended petition, in which they claim judgment for the value of the lightning rods, to the filing of which the defendants objected, and the objection was sustained and the amendment rejected. The jury found a verdict for the plaintiffs for $20; and for this sum judgment was rendered for the plaintiffs, and a judgment for costs against them in favor of the defendants; and the plaintiffs have appealed.

*Rountree & Fogle* for appellants—

Argued: 1. The circuit court erred in refusing the plaintiffs leave to file the amended petition offered. It is not supposed that it was the legislative inten-

tion that articles sold without license should be forfeited for the benefit of the purchaser, and that they are neither bound to return them nor pay their value.

It was the intention of the framers of the Code, to permit amendments in furtherance of justice whenever it might appear to be proper, (see *New Code*, *section* 161, *page* 41,) even "by conforming the pleadings to the facts proved." We think this court has sanctioned this view of the law in the case of *Hord vs. Chandler*, 13 *B. Monroe*, 403.

2. The court erred in overruling the demurrer to the first paragraph of the answer of the defendants. It is not averred that the vendors of the articles were not citizens of the state of Kentucky. They are styled non-resident merchants. The 12th section of the act, on page 554, says that citizens of Kentucky, who sell articles grown or manufactured by themselves, are not deemed pedlers. If the plaintiffs were citizens of Kentucky, and manufactured the rods in Pennsylvania, the prohibition in section 13 of the statute would not apply; nor do we think it applicable though they were not citizens, for it is but a rod of iron with a hole in one end and a screw on the other.

3. The court erred in the instructions given for defendants. They assume that proof by the clerk of Marion county that no license has been issued by him, was no proof that no license had issued from any other clerk's office in the state. The case of *Brown vs. Young*, 2 *B. Monroe*, 28, is referred to on this point. The second instruction should not have been given. The proof does not show any return or offer to return the rods; but that the defendants, by selling at least a part of them, had placed it out of their power to return them. The instruction should have recognized the right of the plaintiffs to recover what the defendants had offered to pay.

4. The court erred in refusing to send the case to the equity docket, where the chancellor could have much more correctly done justice to the parties.

*Hardin & Thurman* for appellees—

There is no question in respect to the consideration of the note sued on. It was entirely for the lightning rods, except $20 admitted in the answer and found by the jury. This sum is less than the defendants offered to pay, and therefore the judgment for costs was not right. (See *Civil Code, sec.* 703.)

There was no error in refusing leave to file the amended petition, in March, 1855. It is attempted in that amendment to set up an entirely new cause of action, not founded on the note, but in assumpsit. The issue had been some time formed, and the case was then ready for trial. The amendment did not come "to correct a mistake," or to insert in any pleadings new "allegations," but to present altogether a new case.

Two other questions arise : 1. Was the note void for fraud ? 2. Was it void by section .8, article 4, Reuised Statutes, pages 555 to 558 ? If either or both these propositions are to be answered affirmatively, the verdict is right. As to the first, the fraud is clearly proved, and the impossibility to restore the articles purchased, because the plaintiffs had no known place of residence. On the second question, the proof is clear that the plaintiffs were itinerant pedlers, and that the rods vended were of Pennsylvania manufacture. (See *Revised Statutes, section* 13, *page* 554.) The note was void by section 8 of the same statute.

The effort to send the case to the equity docket was properly overruled. The issues were made and the jury sworn before the motion was made, and a court of law was the proper tribunal to decide the issues.

Bull, &c.
  vs.
Harragan, &c.

October 1.

1. All con-
tracts to pay for
goods purchas-
ed of pedlers,
selling goods
without license,
not manufactur-
ed in Kentucky,
are void.

Judge Crenshaw delivered the opinion of the court:

It clearly appears in this case, that the lightning rods sold by the plaintiff, through their agents, to the defendant, were not the product or manufacture of this state, but of the state of Pennsylvania; and it was illegal to peddle such articles without a license, unless the plaintiffs were resident merchants, who had listed their goods for taxation. It is denied that they had a license, or were such merchants, and the proof fails to show either that there was such license, or that the plaintiffs were such merchants. The rods were sold by the plaintiffs as itinerant pedlers; therefore, the contract of sale, by virtue of the provisions of the Revised Statutes upon this subject, was void, and no recovery could be had upon it. And, although the first instruction given at the instance of the defendant, is not as full as it might, and perhaps ought to, have been, the plaintiffs are not prejudiced thereby, as there was no contrariety of testimony upon the subject of the illegality of the sale, and the jury were bound, upon this branch of the subject, to find for the defendant, except so far as he had offered to let judgment go against him. It is not material to inquire whether the second instruction upon the question of fraud contains the true principle of law or not, inasmuch as the jury, upon the other branch of the subject, could not have found otherwise than for the defendant, except to the extent of his offer.

2. A party
cannot complain
of the refusal of
the court to give
an instruction,
by which he
could not have
been benefitted
if it had been
given.

The matter of the instruction asked by the plaintiffs was immaterial, as the suit was prosecuted alone upon the note given as the price of the rods, and that note was void, according to the proof. There could not, therefore, be a recovery upon it to any extent, except as before stated, and the instruction asked by the plaintiff was properly refused.

3. A pedler
selling goods
without a li-
cense, not man-
ufactured in
Kentucky, can-

As to the amendment offered by the plaintiffs, we would remark, that if the lightning rods themselves, or their value, were allowed to be recovered by the plaintiffs, the statute, declaring the contract of sale void, would answer little or no purpose. What

would be the use of declaring the contract void, if the articles themselves, or their value, could be recovered? We think that, to allow such a recovery, would, in a great measure, defeat the very object for which it was passed; and that the court below properly refused the amendment which was framed for the purpose of recovering the rods or their value.

The court did not err in refusing a new trial; but it erred in giving judgment in favor of the defendant for the whole costs of the suit. The defendant, according to our construction of section 703, of the Code, should only have had judgment for the costs accruing after the offer to pay $40. This offer was not accepted, and the amount recovered did not exceed that which was offered to be paid, and the defendant should have had judgment for the costs arising after the offer, but not beyond that. For this error the judgment for costs is reversed, and the cause is remanded, with directions that a judgment for costs be rendered as herein indicated; each party to pay their own costs in this court.

*Bennett, &c. vs. Devlin, &c.* not be permitted to recover the value of the goods. The law implies no assumpsit to pay for goods so sold in violation of law.

4. If a defendant offer, in his answer, to pay a part of a demand, and the plaintiff refuse to accept it, the def't should not be charged with any costs subsequently accruing, unless plaintiff's recovery exceed what defendant offered to pay.